UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-9701-MWF (RAOx) | Date:  January 7, 2026 |
| Title:  Derek Lee v. Alex Zhang | |

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]

Before the Court is Plaintiff Derek Lee's Motion to Remand (the "Motion"), filed November 4, 2025.  (Docket No. 11).  Defendant Alex Zhang filed an Opposition on November 25, 2025.  (Docket No. 12).  Plaintiff filed a Reply on December 3, 2025.  (Docket No. 15).

The Court has read and considered the papers on the Motion and held a hearing on **December 22, 2025**.

The Motion is **DENIED**.  Defendant's removal was timely, and the action meets jurisdictional requirements.

I.     **BACKGROUND**

This action was initiated in state court in December 2024.  (Docket No. 1 (Notice of Removal ("NOR"))).  The Complaint alleges that Plaintiff operates a YouTube channel where he discusses cryptocurrency, with over 136,000 subscribers and an average of 2.5 million views per month on his videos.  (NOR at Exhibit A ("Complaint") ¶ 5).  Plaintiff alleges that in December 2024, Defendant began to make false and defamatory comments about Plaintiff on his social media channels, including via Defendant's own YouTube videos.  (*Id.* ¶¶ 6-12).  Plaintiff alleges that the putatively damaging videos have been viewed by over 35,000 people, and has thus damaged Plaintiff's character and reputation.  (*Id.* ¶ 12).

---

**CIVIL MINUTES—GENERAL**                                                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-9701-MWF (RAOx) | Date:  January 7, 2026 |
| Title:     Derek Lee v. Alex Zhang | |

Based on these allegations, Plaintiff alleges seven claims for relief: (1) defamation per se; (2) trade libel; (3) negligence; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) interference with prospective economic advantage; and (7) injunctive relief.  (*Id.* ¶¶ 13-58).

## II.    AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)

After the Court held the hearing on this Motion, Defendant filed a notice on December 30, 2025, stating that he has filed a voluntary Chapter 7 bankruptcy petition.  (*See* Docket No. 20).  Accordingly, the Court concurrently-files an Order staying this action pending the bankruptcy action.

Notwithstanding the automatic stay, the Court may adjudicate this Motion to Remand.  This Court joins other courts that have held that certain jurisdictional or venue-related decisions associated with motions to remand are not barred by § 362.  *See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 F. Appx. 62, 63 n.1 (9th Cir. 2011) (bankruptcy petition filed before oral argument in appellate proceeding did not prohibit district court from remanding action because the "decision has no impact on the debtor's assets, does not impact the relative position of creditors, and would not interrupt debtor's "breathing spell" and thus does not conflict with the purposes of the automatic stay."); *Sanders v. Farina,* 67 F. Supp. 3d 727, 729-731 ("… federal courts in this circuit and elsewhere have been virtually unanimous in finding that § 362 does not prevent remand of an improperly removed action…").

Accordingly, notwithstanding the stay, the Court considers the merits of the motion.

## III.   LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  Federal courts have original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-9701-MWF (RAOx)                    Date:  January 7, 2026
Title:     Derek Lee v. Alex Zhang

jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.  DISCUSSION

Defendant challenges the removal of this action from state court on three separate bases (1) the removal was untimely; (2) the amount in controversy requirement is not met; and (3) there is not complete diversity of the parties.

### A.  Timeliness

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Although the time limit is procedural rather than jurisdictional, it "is mandatory [such that] a timely objection to a late petition will defeat removal…." *Kuxhausen v. BMW Financial Servs. NA LLC,* 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).

It is not disputed that here, Defendant himself had actual notice of the action in state court at least as early as July 2025. Emails between Defendant and Plaintiff's counsel indicate that Defendant was aware of the state court action against him on July 16, 2025. (Declaration of David Chow ISO Motion (Docket No. 11-1) ("Chow Decl.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-9701-MWF (RAOx) | Date: January 7, 2026 |
| Title: Derek Lee v. Alex Zhang | |

at Exhibit 1).  Moreover, Defendant's current counsel was sent copies of the state court Complaint in August 2025.  (*Id.*).  But it is also undisputed that Defendant was not formally served until September 24, 2025, which would put removal on October 10, 2025, within the required 30-day window.  (Motion at 4; Chow Decl. ¶ 23).  Therefore, whether removal was timely depends on whether actual notice suffices to trigger the 30-day deadline as opposed to formal service.

While the parties debate this point, Defendant is correct that actual notice is insufficient to trigger the removal deadline, as stated in *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691,* 635 F.3d 1128, 1132-33 (9th Cir. 2011).  There, the Ninth Circuit explicitly stated that "actual notice is insufficient," and that "mere receipt of the complaint unattended by any formal service" does not trigger the 30-day removal deadline under § 1446(b).  *See Quality Loan,* 635 F.3d at 1132-33 (quoting *Murphy Bros v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999)).  Because Plaintiff does not dispute that formal service did not occur until September 24, 2025, Defendant's removal was timely filed on October 10, 2025.

### B. Amount in Controversy

As an initial matter, the Complaint filed in state court itself does not name a precise measure of damages, only the general categories of damages and requests for injunctive relief.  (*See generally* Complaint).  When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-9701-MWF (RAOx)                          Date:  January 7, 2026
Title:      Derek Lee v. Alex Zhang

    Plaintiff contests whether the amount in controversy requirement is met, arguing that Plaintiff and Defendant were involved in settlement negotiations for two months before removal, in which Plaintiff initially requested $50,000.  (Motion at 10).  Defendant responds that he is entitled to aggregate an estimate of the damages asserted in the Complaint, including compensatory damages, punitive damages, and the cost of complying with injunctions in assessing the amount in controversy.  (Opp. at 8).

    Both of these parties are correct in the law that they cite.  Plaintiff is correct that a settlement demand may be relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim."  *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  And Defendant is correct that he is permitted to aggregate each category of damages, including the "potential cost to the defendant of complying with the injunction," in order to calculate the amount in controversy.  *In re Ford Motor Co./Citibank (South Dakota), N.A.,* 264 F.3d 952, 958 (9th Cir. 2001).  Accordingly, the question is which theory should prevail on the facts of this action.

    Defendant asserts that compensatory damages should be measured in terms of lost subscribers, and attributes a monetary value of $3 per subscriber per year.  (Opp. at 9).  Defendant asserts that Plaintiff's Complaint alleges that Plaintiff lost 35,000 viewers, thus resulting in $105,000 in lost revenue.  (Opp. at 9).  The $3 amount is supported only by the statement in Defendant's declaration attached to the Opposition that: "[a]s with other Youtubers, Plaintiff makes income through (1) user views of her (sic) content, and (2) advertisement. It is well known within the bitcoin-focused YouTube community in Southern California that Plaintiff makes about $3 per subscriber per year, everything considered."  (Zhang Decl. ¶ 14).

    Plaintiff replies that these numbers are unsupported by evidence, taking issue with the lack of "expert report, market data, or Plaintiff's financials."  (Reply at 6).  Of course, Plaintiff is correct that these assertions by Defendant rest on the somewhat thin evidence of Defendant's declaration—but it is not correct to say that the calculations are based on no evidence.   And at this early stage, Defendant does seem to have the appropriate foundation to assert a revenue per subscriber amount.  While Defendant could have likely done more to explain the factual basis underlying his belief about the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-9701-MWF (RAOx)                                      Date:  January 7, 2026
Title:       Derek Lee v. Alex Zhang

$3 amount, Defendant did make this assertion under penalty of perjury. And because Defendant himself is engaged in the same business as Plaintiff, Defendant would seem to have the requisite knowledge to estimate the costs of losing subscribers.

Perhaps more critically, however, Plaintiff provides no evidence of his own to contradict the putative calculations put forth by Defendant, despite believing them to be overblown. If Plaintiff believed these estimates were wrong, Plaintiff was free to put forward his own estimates of revenue per subscriber to contradict this declaration by Defendant. As Plaintiff himself explains in his Motion, "[w]hen a plaintiff contests the amount in controversy allegation, '**both sides submit proof** and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.'" (Motion at 10 (citing to *Jauregui,* 28 F.4th at 992) (emphasis added)). At the hearing, Plaintiff offered to submit data or other evidence that would undermine Defendant's estimation of damages, but as the Court explained, the Court does not believe that would be appropriate or fair to Defendant.

Instead, rather than put forth contrary evidence, Plaintiff only repeated his argument in his Reply that the settlement offers provide evidence that the amount in controversy was less than $75,000. (Reply at 8). But while Plaintiff is right that *Cohn* indicates that settlement offers can be persuasive evidence of an amount in controversy, the reasoning in *Cohn* does not support Plaintiff's argument here. *See* 281 F.3d at 840.

In *Cohn,* the Ninth Circuit held that the fact that the plaintiff's initial settlement offer was ***over*** $100,000 could be considered by the district court to undercut the plaintiff's later assertion that the amount in controversy was below $75,000. *See id*. This conclusion makes sense because by making that initial offer, Cohn was creating a floor on the value of his claims that he could not later contradict. *Id.* By contrast, here, Plaintiff is arguing that a settlement offer establishes a ***ceiling*** on the value of his claims. But this assertion does not logically follow from *Cohn*. It is not logical to assert, as Plaintiff does here, that settlement offers reflect the highest amount that could be gained after litigating claims. Indeed, if that were the case, there would be no reason to accept a settlement offer.

---

**CIVIL MINUTES—GENERAL**                                                                                             6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-9701-MWF (RAOx)            Date:  January 7, 2026
Title:  Derek Lee v. Alex Zhang

Accordingly, given that Defendant's estimate is credible and Plaintiff's settlement demand does not undermine this estimate, the amount in controversy is likely over $75,000.

### C. Diversity of Citizenship

Next, Plaintiff argues that Defendant should be deemed a "subject[] of a foreign state who [is] lawfully admitted for permanent residence in the United States," pursuant to § 1332(a)(2), and who is domiciled in California. (Motion at 6-8). Defendant responds that he is not a lawful permanent resident of the United States and thus remains a citizen of China. (Opp. at 4-6). In support of this argument, Defendant submits documentation and asserts in his declaration that he is awaiting both an asylum determination and a green card determination. (Docket No. 14 ¶¶ 5-6).

While the parties both cite to *Talece Inc. v. Zheng Zhang,* CV 20-3579-BLF, 2020 WL 5366633 (N.D. Cal. Sep. 8, 2020) to support their arguments, *Talece* supports Defendant's position. There, after surveying the case law, the court explained that "[d]iversity jurisdiction exists even if an application for permanent resident status is pending when a suit is filed." *Id.* at *2-3; *accord* 13E Wright & Miller's Federal Practice & Procedure Jurisdiction § 3604 (3d ed. 2025) (statutory language of § 1331 supports the same interpretation). And Defendant Zhang has asserted in a declaration that his green card application was still pending as of December 1, 2025. (Docket No. 14 ¶ 5).

Accordingly, it follows that Defendant is not yet a lawfully admitted permanent resident and thus remains a citizen of China for purposes of determining diversity jurisdiction under § 1332(a)(2). Complete diversity thus exists between the parties.

### V. CONCLUSION

The Motion to Remand is **DENIED**. Defendant's removal was timely, and the Court has diversity jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 25-9701-MWF (RAOx) | **Date:** January 7, 2026 |
| **Title:** | Derek Lee v. Alex Zhang | |

IT IS SO ORDERED.